IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT SCHUBERT,

                        Plaintiff,                    OPINION AND ORDER

        v.                                            12-cv-846-wmc

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                        Defendant.

Pursuant to 42 U.S.C. §§ 405(g) plaintiff Robert Schubert appeals from a final administrative decision of the Commissioner of the Social Security confirming an administrative law judge's ("ALJ") ruling that he was not disabled within the meaning of the Social Security Act. This appeal followed. For the reasons set forth below, the case will be remanded to the Commissioner for further hearing.

BACKGROUND[1]

I.      Procedural History

On January 22, 2008, Schubert filed his application for Title II disability insurance benefits ("DIB"). (AR 150-153.) His application was denied on May 30, 2008, and again at the reconsideration level on December 1, 2008. (AR 90, 97.) Schubert filed a timely request for hearing. On August 3, 2010, a hearing was held before ALJ Arthur Schneider in Madison, Wisconsin. (AR 47.)

---

[1] The following facts are drawn from the administrative record ("AR"), which can be found at dkt. #5.

1

On September 20, 2010, ALJ Schneider rendered his decision concluding that he was not disabled within the meaning of the Social Security Act.  (AR 42.)  On November 3, 2010, Schubert filed a timely request for review of the ALJ's decision with the Appeals Council.  (AR 28.)  On March 30, 2012, the Appeals Council granted Schubert's request for review.  (AR 24).  On June 20, 2012, the Appeals Council found that if Schubert stopped his substance abuse, he would have the RFC found in paragraph 13 of the ALJ's report, concluding he could perform the job of dishwasher and, therefore, was not disabled.  This then became the final determination of the Commissioner.  (AR 21-22.)  On November 21, 2012, Schubert filed a timely complaint for judicial review in this court pursuant to 42 U.S.C. § 405(g).

## II.    Schubert's Testimony

Schubert was born on January 1, 1953.  He obtained a GED, then went on to obtain a law degree, two Bachelor's degrees and three Master's degrees.  (AR 51, 53-54.)  Schubert worked as an exam grader at the UW from the fall of 1994 through December 2007, starting at a 5% position and ending at a 12% position.  (AR 54, 56.)

While Schubert has had back pain since March of 1987, he first herniated a disc in September of 2002.  Back surgery was recommended by a doctor in 2002, but Schubert chose not to have surgery, preferring to wait the pain out until it went into remission.  (AR 57, 58.)  He testified the flare-ups of back pain typically last one to four months, which he treats with anti-inflammatories, muscle relaxants and narcotic pain killers,

2

depending on the severity of the pain.  (AR 58, 60.)  Schubert further reported that his right foot goes numb.  (AR 59.)

Schubert also is on medication for mental health care including obsessive-compulsive disorder ("OCD") and generalized anxiety disorder.  Along with being prescribed anti-depressants, Wellbutrin and Lexapro, he takes Seroquel for aid in sleeping, a generic form of Ambien, and benzodiazepine, clonazepam and busperone (an anti-anxiety drug) for OCD.  Schubert also reported that he sees a mental health therapist once a month and a psychiatrist once every several months.  (AR 61-62.)

Schubert further testified that he was working on alcohol recovery with a counselor and in an intensive outpatient clinic at Gateway Recovery.  As part of that regime, he takes naltrexone and Campral.  Schubert reported not having a drink since June 23, 2010 (five weeks before the hearing with the ALJ).  (AR 66.)  Schubert confirmed that he had been through the program at Gateway before.  (AR 67.)

## III.    Relevant Medical Evidence

### A.  Dr. Jennings

On April 2, 2008, Dr. Beth Jennings performed a psychological evaluation on Schubert. (AR 659.)   Jennings found that Schubert appeared "able to understand, remember, and carry out simple instructions . . . his attention, concentration and work pace would likely be affected by both the state he is in terms of chronic pain from his herniated disc, as well as distractions from his obsessive and compulsive worrying.  His circumstantial and obsessive speech . . . combined with his drinking would create

problems for him socially and interpersonally in the workplace.  Routine stress would be manageable . . . at certain time and not at others."  (*Id.*)

### B.  Dr. Hischke

Dr. Darrell Hischke, a psychologist, testified that Schubert's restrictions of daily living and social functioning would be mild, but with alcohol use, he would move them up to moderate.  Hischke also opined that Schubert would have difficulties with concentration, persistence and pace ("CPP"), noting that CPP would be moderate with just the OCD, but marked when combined with alcohol.  (AR 73.) Hischke also testified that a recovery time of six months to two years would be necessary to establish a baseline for other mental health problems.  (AR 76.)

### IV.    Administrative Law Judge's Decision

The ALJ found that Schubert had not engaged in substantial gainful activity ("SGA") since September 5, 2002.  (AR 34.)   He also found that Schubert had the following severe impairments: degenerative disc disease with lumbar radiculopathy, obsessive compulsive disorder and alcohol dependence.  (AR 35.)  These impairments left Schubert was unable to perform his past relevant work.  (AR 36.)

Assuming Schubert continued using alcohol, the ALJ found Schubert to have the following residual functional capacity ("RFC"): "simple routine, repetitive medium work, avoiding hazardous heights and dangerous machinery, with limited contact with the public but would be expected to be absent fro[m] work two or more random days per

4

month." Assuming Schubert stopped using alcohol, however, the ALJ found that he had an RFC to perform medium unskilled work while avoiding hazardous machinery and having limited contact with the public. (AR 35).

Because the vocational expert opined that this latter RFC would allow for gainful employment in the national economy, the ALJ ultimately concluded that Schubert not disabled within the meaning of the Social Security Act. (AR 42.)

## OPINION

The standard by which a federal court reviews a final decision by the commissioner is well settled:  the commissioner's findings of fact are "conclusive" if supported by "substantial evidence." 42 U.S.C. § 405(g).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When reviewing the commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the administrative law judge. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Thus, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993).

Even so, a district court may not simply "rubber-stamp" the Commissioner's decision without a critical review of the evidence. *See Ehrhart v. Secretary of Health and Human Servs.,* 969 F.2d 534, 538 (7th Cir.1992).  A decision cannot stand if it lacks

evidentiary support or "is so poorly articulated as to prevent meaningful review." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). The ALJ must also explain her "analysis of the evidence with enough detail and clarity to permit appellate review." *Id. See also Herron v. Shalala*, 19 F.3d 329, 333–34 (7th Cir.1994). When the administrative law judge denies benefits, she must build a logical and accurate bridge from the evidence to her conclusion. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

Here, Schubert challenges the ALJ's assessment of his RFC. Underlying this challenge are criticisms of the manner in which the ALJ analyzed Dr. Jennings and Dr. Hischke's medical opinions. Schubert also criticizes the ALJ's credibility findings because he failed to consider properly the opinion of two lay witnesses that corroborated Schubert's own testimony. Because there is merit in each of these criticisms, the court finds it necessary to reverse and remand.

## I.     The RFC Determination

An RFC assessment is the most a claimant can do despite his or her limitations. Here, the ALJ must assess Schubert's RFC "based on all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 404.1545(a)(1). Examples of the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs and laboratory findings, and medical source statements. SSR 96–8p. In particular:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . . [T]he

> adjudicator must discuss the individual's ability to perform
> sustained work activities in an ordinary work setting on a regular
> and continuing basis . . . and describe the maximum amount of
> each work-related activity the individual can perform based on
> the evidence available in the case record.  The adjudicator must
> also *explain how any material inconsistencies or ambiguities in the
> evidence in the case record were considered and resolved*.

SSR 96–8p (emphasis added); *see also Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000).

In discounting Schubert's past alcohol abuse, the ALJ found that he had an RFC capable of undertaking full-time work.  Specifically, the ALJ found that *if* Schubert stopped using alcohol, he was capable of performing medium unskilled work while avoiding hazardous machinery and having limited contact with the public. (AR 35, 38). Relying on vocational expert testimony regarding someone with that RFC, the ALJ found Schubert not disabled at any time since his alleged onset date. (AR 38).

Schubert alleges that ALJ provided "very little elucidation as to how he determined th[e] RFC, how he weighed opinion evidence, how he considered lay evidence (if he did), and how he incorporated all of the above [in light of the] evidence in the record." (Dkt. 8 at 14.)   Schubert alleges that the ALJ failed to fulfill his duty to build an accurate and logical bridge between the evidence and the RFC determination, which was dispositive of the non-disability finding.

An ALJ is required to evaluate and weigh each and every medical opinion in the record. *See* 20 CFR § 404.1527(b).  Schubert contends that the ALJ failed to do this with respect to Dr. Jennings's medical opinion.   As a result, he contends, the RFC determination is not based on substantial evidence.   The court agrees that the ALJ's

failure to account for Dr. Jenning's findings left gaps in his analysis.

At the direction of the Disability Determination Services Bureau ("DDS"), Schubert reported to Dr. Jennings for a psychological consultative examination. (AR 655-62.) Jennings diagnosed Schubert with obsessive-compulsive disorder; alcohol dependence with physiological dependence; generalized anxiety disorder and major depressive disorder – recurrent in remission. (AR 660.) In particular, Dr. Jennings offered the following opinion:

> Bob [Schubert] appears able to understand, remember, and carry out simple instructions. He is a bright gentleman who should be able to adapt to changes in his environment. His *attention, concentration and work pace would likely be affected by both the state he is in [in] terms of chronic pain from his herniated disc as well as distractions from his obsessive and compulsive worrying*. *His circumstantial and obsessive speech would certainly present to others as odd* and that combined with his drinking would create problems for him socially and interpersonally in the work place. Routine work stress would be manageable for him probably at certain times and not at others.

(AR 660-1). (emphasis added).

There is nothing in the ALJ's decision addressing these medical opinions.  This alone is enough to warrant remand. *See* 20 CFR § 404.1527(b). The Commissioner, however, makes two arguments to accommodate for the ALJ's deficiency.  First, she contends that an ALJ need not discuss every item of evidence in the record, citing *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013). Second, the Commissioner says that if there is error, it is of the harmless variety.  The court rejects both arguments.

As to the first, the *Pepper* decision is inapplicable: this is not a case where the ALJ

8

failed to address an *item* of evidence; rather, this is a case where the ALJ has failed to discuss an entire medical opinion, indeed the principal opinion, despite an obligation under the regulations to do so. *See* 20 CFR § 404.1527(b).  The Commissioner's second argument, that this failure is harmless, is equally meritless.  Tellingly, the Commissioner fails to cite any relevant authority in support of this argument, nor can the court find any that supports the Commissioner's application of the harmless error doctrine here.  *Cf. Sanchez v. Barhart*, 467 F.3d 1081, 1082-83 (7th Cir. 2006); *Rabbers v. Comm'r of Social Security*, 582 F.3d 647, 654 (6th Cir. 2009).  On the contrary, the error here is anything but harmless.  The failure to address Dr. Jennings's medical opinion runs wholly counter to 20 CFR § 404.1527(b).  If anything, the deficiency is one at the more serious end of the spectrum because the regulations require that all medical opinions be evaluated and weighed accordingly.  *Id.*

Because Dr. Jennings's opinion could well impact the formulation of Schubert's actual RFC if credited and thereby the vocational expert's findings, the court has little choice but to reverse and remand.[2]

Schubert similarly challenges the ALJ's analysis of Dr. Hischke's medical opinion. The challenge, however, is more narrow.  Schubert argues that ALJ erred because "he did

---

[2] On remand, the ALJ should properly account for Dr. Jennings's limitations.  If credited, the limitations should be further accommodated in the RFC determination, particularly those related to concentration, persistence and pace.  See, e.g., O'Connor-Spinner v. Astrue, 627 F.3d 614, 617 (7th Cir. 2010) (holding that the ALJ should refer "expressly to limitations on concentration, persistence, and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do").  It is also noted Dr. Hischke's opined that Schubert's CPP would be moderate irrespective of alcohol use.   A fresh look at the evidence and the RFC in this case could shift the ALJ's original, non-disability finding.  Ultimately, of course, this will be for the ALJ to assess.

not discuss Dr. Hischke's opinion as to the relationship [between] OCD and alcoholism."
(Dkt. 14 at 8.)  When asked by Schubert's counsel whether someone with OCD would
have difficulty limiting his alcohol intake, Dr. Hischke responded that "somebody with
an anxiety order could have more difficulties, or they could not" and that "if there is
literature of specifics of OCD exacerbating alcohol use," he was "not aware of it." (AR
71.) Because the ALJ did not address this evidence in the decision, Schubert contends
that remand is necessary so that Dr. Hischke's opinion can be properly developed.

The assessment of this issue is a closer one. On the one hand, the ALJ has not
squarely addressed Dr. Hischke's opinions as discussed above, presumably because Dr.
Hischke was unsure whether there is literature on the relationship between OCD and
alcohol use.  On the other hand, the ALJ does have a duty to develop the record.  This is
particularly pertinent when ambiguities in the record exist that could have a material
bearing on the claimant's case. In the court's view, this is precisely the circumstance here:
while Dr. Hischke allowed that there may be no literature establishing a relationship, he
did opine that someone with an anxiety order could have more difficulties than others.

Ultimately, no definitive opinion is afforded as to Schubert's impairments,
including both anxiety and OCD.  Without more, the ALJ is left to guess the impact that
these two impairments have on Schubert's RFC determination.  Given that the case will
be remanded for other reasons, it would only seem prudent to remand on this issue as
well, which would allow for further factual development of Schubert's condition and
whether it is affected by alcohol use. *See Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir.

10

2000) ("[a]lthough a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record); *see also Richards v. Astrue*, 370 F. Appx. 727, 731, 2010 WL 1443893, at *3 (7th Cir. Apr. 13, 2010) ("[A]n ALJ may not draw conclusions based on an undeveloped record and has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable").

## II.    Schubert's Credibility

Finally, Schubert challenges the ALJ's credibility findings.  He particularly takes issue with the ALJ's failure to address two lay witnesses: Mr. Sippy and Ms. Hansen.  Both these witnesses are tenants of Schubert.  On first blush, the court finds their testimony consistent with Schubert's own testimony: that he could not sit down for long periods because of flare ups with his back (caused by a herniated disc).  (AR 909-10.) While lay witness evidence of this variety is not medical evidence, the ALJ does have a duty to consider all relevant evidence in the record in formulating the RFC. *See* 20 C.F.R. § 404.1545(a)(1).

Without considering this evidence, the ALJ has again failed to develop the record fully.  Remand is, therefore, appropriate, if not necessary, so that evidence relevant to Schubert's RFC determination can be properly evaluated, particularly in circumstances where the evidence tends to corroborate the severity of Schubert's condition.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Robert Schubert application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.  The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 30th day of September, 2014.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

12